GARY M. RESTAINO
United States Attorney
District of Arizona

JACQUELINE SCHESNOL
Arizona State Bar No. 016742
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Ave., Suite 1800
Phoenix, Arizona 85004
Telephone: 602-514-7500
Email: jacqueline.schesnol@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR23-01347-PHX-GMS |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' SENTENCING MEMORANDUM** |
| Victor Alfonso Godinez, | |
| Defendant. | |

Defendant Victor Alfonso Godinez ("Defendant" or "Godinez") pleaded guilty to Count 48, Material False Statements During the Purchase of a Firearm. The United States recommends that Defendant receive a sentence of twelve (12) months imprisonment. The United States further recommends that Defendant receive a term of three-years' supervised release.

The United States has no legal objections or factual corrections to the Draft Presentence Report ("Draft PSR"). (ECF 27.) The United States agrees with the Draft PSR calculations resulting in a Final Offense Level of 15 and Criminal History Category I. Draft PSR at ¶¶ 25, 29, and 62. This results in a Guidelines range of 18–24 months' imprisonment. The United States' sentencing recommendation is supported by the following Memorandum of Points and Authorities.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    FACTS AND PROCEDURAL HISTORY

A grand jury indicted Defendant Godinez on September 26, 2023.  On February 9, 2024, Godinez pleaded guilty to Count 48 of the Indictment, Material False Statement During the Purchase of a Firearm, in violation of 18 United States Code (U.S.C.) §§ 922(a)(6) and 924(a)(2).  Defendant engaged in the following conduct, which gave rise to the charges against him:

Defendant Godinez purchased nearly three dozen firearms from multiple FFLs on multiple different dates, over approximately six months.  Many of these firearms were semi-automatic firearms capable of accepting large capacity magazines.  To accomplish these purchases, Godinez completed a total of 26 separate ATF Form 4473s.  On each of these forms, Godinez provided an incorrect address and avowed he that he was the true buyer.  In fact, Godinez purchased the firearms for the purpose of selling them at a profit of $200 per firearm.  Count 48 arose from Godinez's purchase of a .50 caliber Barrett rifle, in cash for $10,298.06, at Sprague's Sports, LLC in Yuma, Arizona.

## II.    UNITED STATES'S SENTENCING RECOMMENDATION

Based on the analysis below, the United States recommends that Godinez receive a sentence of 12 months in the Bureau of Prisons ("BOP"), which is based on the Draft PSR recommendation, as well as other factors brought to the government's attention. The government also recommends the term of incarceration be followed by a term of three-years' supervised release.  As calculated in the PSR, Defendant Godinez has a Total Offense Level of 15, Criminal History Category I, and a Guidelines range of 18–24 months' imprisonment.  The United States will dismiss the outstanding 51 counts of the Indictment.

### A.    A Sentence of 12 months in BOP is Appropriate under § 3553(a)

The Sentencing Guidelines range is the "starting point and the initial benchmark" for all sentencing proceedings and should be "kept in mind throughout the process." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc) (citations omitted).  The

Sentencing Guidelines range is not presumed to be reasonable, but instead is only one of the § 3553(a) factors to be considered by the Court. *Id*. (citations omitted). When a court determines that a sentence outside of the Guidelines range is warranted, it must "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id*. (quoting *Gall v. United States*, 552 U.S. 38, 50 (2007)). As such, "a major departure should be supported by a more significant justification than a minor one." *Id*. at 992 (quoting *Gall*, 552 U.S. at 50). The United States submits that a below Guideline sentence of 12 months imprisonment for this defendant is a fair and just sentence that is sufficient but not greater than necessary as required by 18 U.S.C. § 3553(a).

### 1. Nature and Circumstances of the Offense

The Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(1). Defendant Godinez purchased dozens of firearms within a five-month period. Many of the firearms were semi-automatic and capable of receiving high-capacity magazines. Purchasing firearms with the intent of them going to a person for whom the government has not had the opportunity to conduct a background check has the potential to put deadly weapons into the hands of dangerous individuals. At least two of these dangerous firearms were recovered in Mexico. The nature and circumstances of Defendant's actions justify a sentence of incarceration.

### 2. Defendant's History and Characteristics

While Defendant Godinez does not have a criminal history, his conduct does show a disregard for the law. However, the government is aware of Defendant's remorse, his employment history, as well as his assisting in the care of an elderly member of the Yuma community.

### 3. Seriousness of the Offense

Defendant's sentence must "reflect the seriousness of the offense," "promote respect for the law," and "provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A).

Purchasing dozens of firearms to sell to unknown persons is serious.  The firearms could easily (and at times did) get into the hands of people who could not lawfully purchase firearms from an FFL.   Defendant Godinez's crime warrants a prison sentence.

### 4.    The Need for Adequate Deterrence

The sentence must also "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B).  A prison sentence is appropriate to deter Defendant from committing future crimes.  The need for deterrence also extends beyond preventing recidivism by Defendant.  General deterrence is about preventing criminal behavior by the population at large and, therefore, incorporates some consideration of persons beyond the defendant.  *See United States v. Politano*, 522 F.3d 69, 74 (1st Cir. 2008); *United States v. Medearis*, 451 F.3d 918, 920-21 (8th Cir. 2006) (holding that courts must give "proper weight" to general deterrence as "one of the key purposes of sentencing").  Defendant Godinez's sentence must be sufficient to deter him and other persons who engage in criminal conduct.

### 5.    Protecting the Public

The Court should also consider the need "to protect the public from further crimes of the defendant" when imposing a sentence. 18 U.S.C. § 3553(a)(2)(C).   Defendant Godinez's conduct is serious because it impedes law enforcement from regulating which individuals possess firearms.  A prison sentence is appropriate.

### 6.    Providing Needed Correctional Treatment

The sentence imposed should provide Defendant with necessary and effective "educational or vocational training, medical care, or other correctional treatment." 18 U.S.C. § 3553(a)(2)(D).  From a review of the Draft PSR, it does not appear that Defendant Godinez needs drug, alcohol, or mental health treatment.  However, if any treatment or vocational training would be beneficial, Godinez can receive treatment for that while in prison.

### B.    A 3-Year Term of Supervised Release is Appropriate under § 3583(c)

The United States recommends that Defendant Godinez be placed on supervised release for three years.  This term is warranted by the nature and circumstances of

Defendant's offense. *See* 18 U.S.C. § 3583(c) (referencing 18 U.S.C. § 3553(a)(1), etc.). It will provide the structure necessary to ensure Godinez remains law abiding. This will protect the public from further crimes by Defendant Godinez and deter him from committing additional crimes in the future. *See id.* (referencing 18 U.S.C. § 3553(a)(2)(B) and (C)).

## III.    CONCLUSION

The United States recommends that Godinez receive a sentence of 12 months imprisonment. The United States further recommends that Defendant receive a term of 3 years' supervised release. For all the reasons set forth herein, this sentence is sufficient but not greater than necessary to comply with the purposes set out in 18 U.S.C. § 3553(a).

Respectfully submitted this 26th day of April, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Jacqueline Schesnol*
JACQUELINE SCHESNOL
Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on April 26, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Jazmin Jhovana Alagha
Counsel for Defendant Godinez

*s/ J. Schesnol*
U.S. Attorney's Office